## CITIZENS SAVINGS & LOAN CO v MOTTINGER, Exr et

Ohio Appeals, 9th Dist, Summit Co

No 2105.   Decided Feb 16, 1933

Meyers, Dinsmore & Whittemore, Akron, for plaintiff in error.

Arthur S. Mottinger, Akron, and Donald L. Mills for defendants in error.

WASHBURN, PJ.

Our conclusion in the matter is, that the jurisdiction of the Probate Court having been first invoked, and the Loan Co. having been made a party and having filed an answer setting up its mortgage, and having obtained in the judgment of the court all the relief asked by it, to-wit, the priority of its claim and the order for its payment, that that court had exclusive jurisdiction in the premises, provided such jurisdiction was adequate to afford the Loan Co. all the rights to which it was entitled.

It is contended that the Probate Court did not have jurisdiction to foreclose the mortgage in the sense that it could order that the debt be paid by a given time and if not so paid the mortgagor's equity of redemption would be cut off, and that because the Probate Court could not grant that relief, the jurisdiction of the Probate Court was not adequate to afford the Loan Co. the relief to which it was entitled.

After a consideration of the argument of counsel and the authorities cited in the brief, we are of the opinion that the jurisdiction of the Probate Court in the proceedings to sell to pay debts was adequate to afford the Loan Co. all of the relief to which it was entitled, and that, while the sale in that proceeding is made by the executor instead of by the sheriff, the relief afforded is substantially a foreclosure of the mortgage.

In Ohio, strict foreclosure is abolished by the statute, which provides that "When a mortgage is foreclosed, * * * a sale of the property shall be ordered." (§11588 GC). If the Probate Court finds that it is necessary to sell real estate to pay debts and the real estate is encumbered by mortgage, it has jurisdiction to make orders which are very similar to orders made by the Common Pleas Court in a foreclosure action and to determine equities and do that which amounts to a foreclosure, and which, upon confirmation of sale, terminates the equity of redemption.

The jurisdiction of the Probate Court being adequate and having been first invoked, such jurisdiction was exclusive, and therefore the judgment of the Common Pleas Court, dismissing plaintiff's petition, was not error.

Judgment affirmed.

FUNK, J, concurs.
STEVENS, J, not participating.